IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT H. MAHFOUD and
KATIA FARAGE,

    Plaintiffs,

v.                                                              Civil Action No. 3:12-CV-02651-O-BK

BANK OF AMERICA, NA and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference for Pretrial Management* (Doc. 12), this case has been referred to the United States Magistrate Judge. The cause is now before the Court for a recommendation on Defendants' *Motion to Dismiss* (Doc. 7) and Plaintiffs' *Application for Temporary Restraining Order and Preliminary Injunction* (Doc. 9). For the reasons discussed below, the undersigned recommends that the District Court **GRANT** Defendants' *Motion to Dismiss* (Doc. 7) and **DENY** Plaintiffs' *Application for Temporary Restraining Order and Preliminary Injunction* (Doc. 9).

## BACKGROUND

Plaintiffs originally brought this counseled action in state court against Defendants in connection with the foreclosure of their home. They alleged that in December 2006, they signed a Note with Countrywide Home Loans, Inc. ("Countrywide") and delivered the Deed of Trust for the purposes recited therein. (Doc. 1-3 at 3). Plaintiffs claimed that in September 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to Bank of

America ("BOA"), but there was no record of Countrywide ever assigning the Deed of Trust to MERS. *Id.* Plaintiffs averred that in December 2011, a substitute trustee appointment was recorded with the Dallas county clerk, and that document identified MERS as the original lender, not Countrywide.[1] *Id.* Plaintiffs contended that the subsequent foreclosure sale notice listed MERS as the original mortgagee and listed BOA as the current mortgagee, but there was no evidence that either entity ever acquired an interest in the Note or Deed of Trust from Countrywide.[2] *Id.* at 3-4.

Further, Plaintiffs alleged that their home loan was pooled into a trust and converted into mortgage-backed securities, but (1) the trust did not timely acquire Plaintiffs' Note, (2) there was no transfer or assignment of the Note from Countrywide to the trust, and (3) any such transfer was not properly made pursuant to the provisions of the trust documents. *Id.* at 4-5. Finally, Plaintiffs claimed that their Note and Deed of Trust were separated during the various purported assignments, so Defendants did not have the right to foreclose until the documents were united and Defendants could prove that they owned the loan. *Id.* at 6. Plaintiffs sought relief under Texas quiet title law, reimbursement of their attorneys' fees and costs, and entry of a declaratory

---

[1] The substitute trustee appointment states that the original mortgagee is MERS "as nominee for [Countrywide], its successors and assigns." (Doc. 1-3 at 34). This document, as well as the others referenced herein, were all attached to Plaintiffs' petition and were considered by the Court in making this recommendation. *See In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (noting that when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss, (2) referenced in the complaint, and (3) central to the plaintiff's claims).

[2] The notice of substitute trustee sale states that the original mortgagee is MERS "as nominee for [Countrywide], its successors and assigns." (Doc. 1-3 at 35). The notice further states that the mortgage servicer is BOA, "successor by merger to BAC Home Loans Servicing, LP F/K/A [Countrywide]." *Id.*

judgment stating that Defendants had no enforceable interest in the subject property. *Id.* at 6-9. Defendants now move to dismiss the complaint, and Plaintiffs seek a temporary restraining order ("TRO") and preliminary injunction. (Docs. 7, 9). Because only the *Motion to Dismiss* has been fully briefed, the Court will address that motion first.

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

## ARGUMENTS AND ANALYSIS

A.   **The Deed of Trust and Plaintiffs' Title Claim**

The first legal theory embodied in Plaintiffs' petition – and the sole support for their declaratory judgment and quiet title claim – is that the Note and Deed of Trust were not lawfully transferred to MERS, BOA, or to a securities trust, and thus Defendants were not authorized to declare the Note in default and foreclose on their property. (Doc. 1-3 at 3-9). Defendants argue

3

that the Deed of Trust named MERS, as well as MERS's successors and assigns, as the beneficiary and expressly grants MERS the power of sale and assignment. (Doc. 7 at 12-14); *see also* Doc. 1-3 at 12 (Deed stating that MERS is a beneficiary of said security instrument). They also assert that in September 2011, Countrywide, through MERS, assigned its interest in the Deed of Trust to BOA, and BOA maintains possession of the Note. *Id.* at 9-10; *see also* Doc. 1-3 at 33 (Assignment stating that MERS conveys to BOA all beneficial interest in the Deed of Trust). Defendants also question Plaintiffs' standing to challenge the assignments of the Deed of Trust when they are not parties to the assignment. *Id.* at 10-12. Finally, Defendants urge that Plaintiffs' quiet title action fails to state a claim. *Id.* at 18-20.

Plaintiffs respond that when the Defendants conducted the foreclosure sale on their home, they represented that Plaintiffs' Note was owned by an asset-backed trust governed by New York law. (Doc. 11 at 4). Plaintiffs assert that the trust did not comply with its own trust documents in acquiring their Note, and therefore the trust acquired no interest in Plaintiffs' property, and the foreclosure sale is void. *Id.* at 4-7. Plaintiffs urge that they have standing to investigate the rights of Defendants to conduct the transactions at issue. *Id.* at 7. Finally, Plaintiffs maintain that Defendants' argument about MERS's assignment power is an improper attack on the merits of their claims, but a Rule 12(b)(6) motion should not be used to resolve factual disputes. *Id.* at 8.

Defendants reply that the transfer of Plaintiffs' mortgage loan to a trust did not affect MERS's ability to foreclose on the property at issue because an asset transfer of a mortgage loan to a trust has nothing to do with the assignment of rights of a deed. (Doc. 16 at 8-9).

Plaintiffs' claims in this case fail for several reasons. First, as Defendants note, various

courts, including this one, have held that a mortgagor lacks standing to challenge the assignment of his note and/or deed of trust. *See, e.g., Salmeron v. CitiMortgage, Inc.*, 2012 WL 760110, at *3 (N.D. Tex. 2012) ("To the extent Plaintiffs' claims challenge the assignment of the Deed of Trust between MERS and CitiMortgage, Plaintiff lacks standing to assert any challenge to the assignment."); *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989 at *5 (W.D. Tex. 2011) (same); *McAllister v. BAC Home Loans Serving, L.P.*, 2011 WL 2200672 at *5 (E.D. Tex. 2011) (same); *Edwards v. Ocwen Loan Servicing, LLC*, 2012 WL 844396 at *5 (E.D. Tex. 2012). Because Plaintiffs' entire case is founded on attacking the various assignments of the Deed of Trust, their claims are without merit and may be dismissed on that ground alone.

Moreover, it is beyond cavil that the transfers in this case were authorized. Attached to Plaintiffs' petition are documents indicating that (1) MERS was the named beneficiary on Plaintiffs' Deed of Trust and was the nominee of Countrywide, the original lender, (2) as such, MERS could foreclose on the subject property, and (3) MERS executed an assignment of the Deed of Trust to BOA. (Doc. 1-3 at 12, 34-35); *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex.App.– Eastland 2010) (holding that where a deed of trust expressly provided for such, then MERS had the power to conduct a non-judicial foreclosure). Upon MERS's assignment of the Deed of Trust to BOA, which was authorized under Texas law, BOA then had the power to foreclose on Plaintiffs' property. (Doc. 1-3 at 33); *see, e.g., Spositi v. Federal Nat. Mortg. Ass'n*, 2011 WL 5977319, *4 (E.D. Tex. 2011) (noting that MERS, as nominee for the original lender, had the authority to transfer the rights and interests in a deed of trust to another bank); *see also* TEX. PROP. CODE § 51.0025 (noting that a mortgagee may authorize a mortgage servicer to conduct a foreclosure sale); TEX. PROP. CODE § 51.0001(4)

5

(noting that MERS is a "mortgagee" under the Texas Property Code). Accordingly, because this failed theory was the basis for Plaintiffs' quiet title cause of action, that claim should be dismissed with prejudice. *Cf. Temple Trust Co. v. Logan*, 82 S.W.2d 1017, 1019 (Tex.Civ.App.–Amarillo 1935) (noting that plaintiff's goal in a quiet title action is to have the defendant's claims to the property declared unfounded).

**B.     Plaintiffs' "Split the Note" Theory**

Plaintiffs' second underlying legal theory is equally unavailing. They argue that after they took out the loan, the Note and security interest embodied in the Deed of Trust were split between various parties, and Defendants could not foreclose until the documents were united. (Doc. 1-3 at 6). Defendants urge that MERS could be the mortgagee and hold the Deed of Trust without being the holder of the Note. (Doc. 7 at 16-18). While Plaintiffs contend in their response that this theory plays no part in this portion of their claims, (Doc. 11 at 9), the undersigned will briefly address it for the sake of thoroughness.

Suffice it to say that this argument has been rejected repeatedly. *See, e.g., McAllister*, 2011 WL 2200672 at *6 (dismissing claim based on "split the note" theory); *Broyles v. Chase Home Finance*, 2011 WL 1428904, *3 (same) (Fish, J.); *Eskridge*, 2011 WL 2163989 at *5 (plaintiff's allegations that the note and deed of trust were split and that she thus had superior title to the property were "without merit because MERS was given the authority to transfer the documents in the Deed of Trust."). In fact, a Northern District of Texas judge recently noted that a deed of trust has no legal effect apart from the debt, so a transfer of the deed of trust automatically passes the note as well. "In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their

6

provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011) (Means, J.) (citation omitted). In short, there is no merit to Plaintiffs' argument that the Deed of Trust and Note in this case being "split" rendered the foreclosure defective.

**C.     Declaratory Relief**

Defendants next argue that Plaintiffs' request for a declaratory judgment is meritless because they are asking for a declaration that they are entitled to the relief they seek in their complaint, so their declaratory action fails for the same reasons stated above. (Doc. 7 at 21-22). Plaintiffs respond that there exists a justiciable controversy between themselves and Defendants as to whether Defendants had the legal right to foreclose on their property. (Doc. 11 at 9-10).

In this case, Plaintiffs sought entry of a declaratory judgment stating that Defendants have no enforceable interest in the subject property. (Doc. 1-3 at 6-9). Although their case was originally filed in state court, now that it has been removed to federal court, the request for declaratory relief is converted into a request brought under the federal Declaratory Judgment Act. *Cannon v. JPMorgan Chase Bank, N.A.*, 2011 WL 6838615, at *6 (E.D. Tex. 2011). That Act provides that "[i]n a case of actual controversy within its jurisdiction . . . [with exceptions not relevant here], any court of the United States, upon the filing of an appropriate pleading, may declare the rights . . . of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a). This Act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact, a judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, because Plaintiffs' claims fail for the reasons stated above, they are not entitled to any relief under the Declaratory Judgment Act. Accordingly, Plaintiffs' claims under that Act should be dismissed with prejudice.

**D.      Application for TRO and Preliminary Injunction**

Plaintiffs request that the Court grant them injunctive relief to prevent their imminent eviction from their home. (Doc. 9 at 1, 5-8). In support of their request, they reiterate the allegations in their complaint that the Deed of Trust and Note on their home were not correctly assigned. *Id.* at 2-5. They contend that they can demonstrate a likelihood of success on the merits of their case because material questions remain about whether Defendants had a right to foreclose on their home. *Id.* at 8-9.

The four elements a plaintiff must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). For the reasons stated above, Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their claims. Accordingly, their request for a TRO and preliminary injunctive relief should be denied.

## CONCLUSION

For the reasons set forth above, the District Court should **GRANT** Defendants' *Motion to Dismiss* (Doc. 7) and **DENY** Plaintiffs' *Application for Temporary Restraining Order and Preliminary Injunction* (Doc. 9).

**SO RECOMMENDED** August 31, 2012.

*(signature)*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE